IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUELINA PENA, Individually and as Independent Administrator of the Estate of RICARDO MUNOZ, Deceased,<br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>CITY OF LANCASTER, JARRAD BERKIHISER, KARSON ARNOLD and, COUNTY OF LANCASTER, PENNSYLVANIA,<br><br>　　　　　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION<br>:  DOCKET NO. 21-00590<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this 17th day of March 2022, after reviewing Defendants' Request for the Entry of a Confidentiality Order, Plaintiff's opposition, and having held argument on the issue, it is hereby **ORDERED** that the Parties shall abide by the accompanying Confidentiality Order or risk sanctions. It is further **ORDERED** that the following Motions are **DENIED AS MOOT** (ECF #40, 41, 44, & 45).

　　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　　*/s/ Jeffrey L. Schmehl*
　　　　　　　　　　　　　　　　　　**JEFFREY L. SCHMEHL, J.**[1]

---

[1]　　The Court utilized both parties' proposed confidentiality agreement, as well as plaintiff's specific objections to defendants' confidentiality agreement in creating the accompanying Confidentiality Order. It must first be noted that the public has an interest in the proceedings and

outcome of this case. The Court crafted the Confidentiality Order under the principle that all information and documents should be publicly accessibly unless otherwise noted. But in doing so, good cause exists for holding certain materials in confidence to protect certain privacy interests such as police officer and third-party safety, and to expedite discovery.

 As argued at the hearing on this matter, defendants have legitimate privacy and safety concerns in certain discoverable materials. For example, this case was followed by significant peaceful and violent protests in the City of Lancaster. Potentially discoverable information such as reports generated during or after the protests have little probative value to the claims of this case, a high degree of privacy and safety interests of police officers and others, and this case is best managed by having such information held confidential. Other information such as the names, addresses, and financial and health information of police officers or third-parties in police reports should also be held in original confidence.

 Unlike the confidentiality agreement defendants submitted to the Court, the accompanying Confidentiality Order ensures a heavier burden on defendants when claiming confidentiality. For example, paragraph thirteen provides plaintiff with an efficient right to contest a confidential label. While defendants may place certain information in original confidence, defendants must ensure that such information meets the terms of the Confidentiality Agreement, they have good cause in claiming confidentiality, and if plaintiff disagrees with defendants' confidential label, plaintiff may efficiently contest it per the right set out in paragraph thirteen.

 Other changes as compared to defendants' proposed confidentiality agreement includes the following. Defendants may not label policies and procedures confidential. Plaintiff's counsel may share confidential material to Miguelina Pena, her husband, and her two daughters for pertinent trial strategy only. Defense counsel must request plaintiff to destroy any confidential materials after the litigation rather than plaintiff having the independent burden of doing so.

 In summation, the Confidentiality Order permits defendants to label materials containing sensitive personal information such as police officers' or crime-victim's names, addresses, health, tax, or other similar information, and ongoing investigations as confidential. The Order also provides plaintiff with an efficient and expeditated right to contest defendants' confidential entries, and ensures that the burden of labeling materials confidential remains with defendants.